IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND<br>ETHICS IN WASHINGTON,<br>1331 F Street NW, Suite 900<br>Washington, DC 20004,<br><br>                Plaintiff,<br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>                Defendant. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1.	Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Department of Justice ("DOJ") seeking records relating to its efforts under the Trump administration to "unmask" the user behind the @NunesAlt Twitter account, as well as any DOJ policies or procedures governing the use of grand jury subpoenas to identify anonymous users of social media platforms.

2.	CREW seeks declaratory relief that DOJ is in violation of FOIA, and injunctive relief requiring DOJ to immediately process and release the requested records.

**Jurisdiction and Venue**

3.	This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

4.	Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.     Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

6.     Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy ("OIP") and the Executive Office for United States Attorneys ("EOUSA") are components of DOJ. DOJ has possession, custody, and control of the requested records.

## Factual Background

7.     In the final weeks of the Trump administration, the U.S. Attorney's Office for the District of Columbia obtained a grand jury subpoena and related gag order as part of an effort to identify the user behind the @NunesAlt Twitter account, a parody account dedicated to mocking Congressman Devin Nunes of California.[1]

8.     Twitter opposed the subpoena and gag order on First Amendment grounds, noting they may have been "related to Congressman Devin Nunes's repeated efforts to unmask individuals behind parody accounts critical of him."[2]

---

[1] Charlie Savage, Trump Justice Dept. Tried to Use Grand Jury to Identify Nunes Critic on Twitter, *New York Times*, May 17, 2021, https://www.nytimes.com/2021/05/17/us/politics/devin-nunes-twitter-justice-department.html.
[2] *Id.*

9. DOJ claimed the subpoena was part of a criminal investigation into alleged threatening communications in interstate commerce in violation of 18 U.S.C § 875, but refused to identify the threatening communications at issue.[3]

10. Later reporting indicates that the subpoena related to a potential online threat to Senator Mitch McConnell, rather than Representative Nunes.[4]

11. DOJ withdrew the subpoena on March 17, 2021.[5]

12. The subpoena and related filings are publicly available on the Court's docket due to an unsealing order sought by Twitter, which DOJ did not oppose.[6]

13. To help answer questions about these issues, CREW submitted FOIA requests to OIP and EOUSA.

### FOIA Request to OIP

14. On May 20, 2021, CREW submitted a FOIA request to OIP seeking:

   1. All records from September 1, 2020 to the date this request is processed reflecting any written or oral communications, meetings, or phone calls relating to the @NunesAlt Twitter account between DOJ and any of the following:
      - U.S. Capitol Police;
      - U.S. Attorney's Office for the District of Columbia;
      - Senator Mitch McConnell, any member of his staff, or any representative acting on his behalf; or
      - Congressman Devin Nunes, any member of his staff, or any representative acting on his behalf, including without limitation communications with attorney Steven S. Biss sent by or received from stevenbiss@earthlink.net or stevensbiss@protonmail.ch.

---

[3] *Id.*

[4] Charlie Savage, Subpoena to Twitter Is Said to Concern a Purported Threat to McConnell, Not Nunes, *New York Times*, May 19, 2021, https://www.nytimes.com/2021/05/19/us/politics/subpoena-threat-nunes-mcconnell.html.

[5] Charlie Savage, The Capitol Police are Conducting an Inquiry Related to a Subpoena to Twitter About a Devin Nunes Parody Account, *New York Times*, May 18, 2021, https://www.nytimes.com/2021/05/18/us/nunes-twittter-trump-threat-parody.html.

[6] *See* May 16, 2021 Minute Order, *In re Grand Jury Subpoena GJ2020111968168*, 20-sc-03082-BAH (D.D.C.) (granting Twitter's unopposed motion to unseal case and certain filings).

2. All records from September 1, 2020 to May 15, 2021 relating to any tips, complaints, inquiries, referrals, or investigations involving the @NunesAlt Twitter account.

3. All records from September 1, 2020 to May 15, 2021 relating to the November 24, 2020 grand jury subpoena issued to Twitter, Inc. (#GJ2020111968168; USAO#2020R00007), including without limitation all records relating to either the issuance or withdrawal of the subpoena.

4. Any DOJ policies or procedures in effect since January 1, 2020, governing the issuance of grand jury subpoenas to electronic communications service providers to "unmask" (or obtain personally-identifiable information of) the subpoenaed entity's customers or subscribers, including without limitation any policies addressing the potential First Amendment implications of such subpoenas.

5. Any DOJ policies or procedures in effect since January 1, 2020, governing applications for nondisclosure orders under 18 U.S.C. § 2705 relating to grand jury subpoenas issued to electronic communications service providers to "unmask" (or obtain personally-identifiable information of) the subpoenaed entity's customers or subscribers, including without limitation any policies addressing the potential First Amendment implications of such nondisclosure orders.

15. CREW's request sought a fee waiver.

16. By letter dated June 3, 2021, OIP acknowledged receipt of CREW's FOIA request, assigned it tracking number FOIA-2021-01375, and invoked an extension of its response deadline due to "unusual circumstances."

17. To date, CREW has received no further communications from OIP regarding its FOIA request.

***FOIA Request to EOUSA***

18. On May 20, 2021, CREW submitted a FOIA request to EOUSA seeking:

1. All records from September 1, 2020 to the date this request is processed reflecting any written or oral communications, meetings, or phone calls relating to the @NunesAlt Twitter account between the U.S. Attorney's Office for the District of Columbia ("DC USAO") and any of the following:
    - U.S. Capitol Police;

4

- Any other DOJ component, including the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, or Legislative Affairs;
- Senator Mitch McConnell, any member of his staff, or any representative acting on his behalf; or
- Congressman Devin Nunes, any member of his staff, or any representative acting on his behalf, including without limitation communications with attorney Steven S. Biss sent by or received from stevenbiss@earthlink.net or stevensbiss@protonmail.ch.

2. All records from September 1, 2020 to May 15, 2021 relating to any tips, complaints, inquiries, referrals, or investigations involving the @NunesAlt Twitter account.

3. All records from September 1, 2020 to May 15, 2021 relating to the November 24, 2020 grand jury subpoena issued to Twitter, Inc. (#GJ2020111968168; USAO#2020R00007), including without limitation all records relating to either the issuance or withdrawal of the subpoena.

4. Any DOJ or DC USAO policies or procedures in effect since January 1, 2020, governing the issuance of grand jury subpoenas to electronic communications service providers to "unmask" (or obtain personally-identifiable information of) the subpoenaed entity's customers or subscribers, including without limitation any policies addressing the potential First Amendment implications of such subpoenas.

5. Any DOJ or DC USAO policies or procedures in effect since January 1, 2020, governing applications for nondisclosure orders under 18 U.S.C. § 2705 relating to grand jury subpoenas issued to electronic communications service providers to "unmask" (or obtain personally-identifiable information of) the subpoenaed entity's customers or subscribers, including without limitation any policies addressing the potential First Amendment implications of such nondisclosure orders.

19. CREW's request sought a fee waiver.

20. By email dated May 20, 2021, EOUSA acknowledged receipt of CREW's request and assigned it tracking number EOUSA-2021-002113.

21. By letter dated June 8, 2021, EOUSA invoked an extension of its response deadline due to "unusual circumstances."

22. To date, CREW has received no further communications from EOUSA regarding its FOIA request.

## CREW'S CLAIMS FOR RELIEF

### COUNT I
### OIP's Wrongful Withholding of Records
### Responsive to CREW's FOIA Request

23. CREW repeats and re-alleges the preceding paragraphs.

24. In its May 20, 2021 FOIA request, CREW properly asked for records within the possession, custody, and control of OIP, a component of DOJ.

25. OIP has failed to conduct an adequate search in response to CREW's request.

26. OIP is wrongfully withholding records responsive to CREW's request.

27. By failing to timely release all requested records in full to CREW, OIP is in violation of FOIA.

28. CREW has constructively exhausted its administrative remedies.

29. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

### COUNT II
### EOUSA's Wrongful Withholding of Records
### Responsive to CREW's FOIA Request

30. CREW repeats and re-alleges the preceding paragraphs.

31. In its May 20, 2021 FOIA request, CREW properly asked for records within the possession, custody, and control of EOUSA, a component of DOJ.

32. EOUSA has failed to conduct an adequate search in response to CREW's request.

33. EOUSA is wrongfully withholding records responsive to CREW's request.

34. By failing to timely release all requested records in full to CREW, EOUSA is in violation of FOIA.

35. CREW has constructively exhausted its administrative remedies.

36. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

## Requested Relief

WHEREFORE, CREW respectfully requests that this Court:

1. Order DOJ to immediately and fully process CREW's FOIA requests and disclose all non-exempt records to CREW;

2. Declare that CREW is entitled to immediate processing and disclosure of the requested records;

3. Provide for expeditious proceedings in this action;

4. Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

5. Award CREW its costs and reasonable attorneys' fees in this action; and

6. Grant such other relief as the Court may deem just and proper.

Date: September 30, 2021               Respectfully Submitted,

*/s/ Nikhel S. Sus*
Nikhel S. Sus
(D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
1331 F Street NW, Suite 900
Washington, DC 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org